FELICE JOHN VITI, Acting United States Attorney (#7007)
Pete Reichman, Special Assistant United States Attorney (#15241)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 380-4678
Email: peterr@utahcounty.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LARRY GLENN JONES, Defendant. | Case No. 2:24-cr-00151 STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT Judge David Barlow |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America, I intend to plead guilty to Count II of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the United States is required to prove to convict me. I understand that in order for me to be found guilty of Count II, Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1), as set forth in the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

> First, knowing that I had been convicted of a crime punishable by imprisonment for a term exceeding one year, I knowingly possessed a firearm and ammunition.

> Second, the firearm and ammunition were in and affecting commerce.

2. I know that the maximum possible penalty provided by law for Count II of the Indictment, a violation of 18 U.S.C. § 922(g)(1), is a term of imprisonment of ~~10~~ 5 years, a fine of $250,000, a term of supervised release of 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

   a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

   b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

   b. I have a right to see and observe the witnesses who testify against me.

   c. My attorney can cross-examine all witnesses who testify against me.

   d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

   e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

  h. It requires a unanimous verdict of a jury to convict me.

  i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

  7. If I plead guilty, I will not have a trial of any kind.

  8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

  9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

  10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

  11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> On April 7, 2024, I was encountered by law enforcement officers within the District of Utah during a traffic stop. Law enforcement also executed a search warrant at my residence. During the search of my residence, law enforcement located a .22 Revolver Switch Gun (S/N GG002302), a G-Force 12-Guage Shotgun (S/N 21BE-1571), an Anderson Manufacturing AM-15 Rifle (S/N 20013140), and associated ammunition. I know that I have previously been convicted of a crime punishable by imprisonment for a term exceeding one year and therefore cannot legally possess a firearm. I agree that the firearms and ammunition in my possession were in and affecting commerce. As such, I admit and agree that my conduct violated 18 USC 922(g)(1).

  12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Count II of the Indictment.

b. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts I and III at the time of sentencing.

c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

d. **Acceptance of Responsibility.** The United States agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense [or offenses], up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

e. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

f. **Forfeiture.**

(1) I agree to the administrative, civil, or criminal forfeiture to the United States of any property noted as subject to forfeiture in the indictment, information, bills of particulars, or seized or restrained in the investigation underlying the indictment or information, and will not contest, challenge, or appeal in any way such forfeiture, including the forfeiture of:

- One Switch Gun .22 Revolver, S/N: GG002302;
- One G-Force 12-Gauge Shotgun, S/N: 21BE-1571;
- One Anderson Manufacturing AM-15 Rifle, S/N: 20013140; and
- Any associated ammunition, magazines, and holsters.

(2) I acknowledge that this property is subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(3) I consent to entry of any orders, judgments, or declarations of forfeiture regarding such property and waive the requirements (including notice of the forfeiture) of 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. I consent to any criminal forfeiture order becoming final as to me upon its entry.

(4) I will not claim the property or oppose its forfeiture, nor help anyone else do so, and will testify truthfully in any forfeiture proceeding. As far as I know, no other third party has an interest in the property. I withdraw any previous administrative forfeiture claims and petitions for remission related to the property. I will not claim property sought for forfeiture from other defendants related to my case. I will sign any documents necessary to ensure that clear title to the property passes to the United States.

(5) I waive any claims I may have against the government, its officers, employees, and agents regarding the seizure, forfeiture, storage, and disposal of the property.

(6) I waive any constitutional or statutory challenges to the forfeiture, including that it is an excessive fine or punishment.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am _41_ years of age. My education consists of _12th grade_. I _can_ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.	Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5.	I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.	I am satisfied with my lawyer.

7.	My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.	I have no mental reservations concerning the plea.

9.	I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this 11th day of August 2025.

_____
Larry Glenn Jones
Defendant


I certify that I have discussed this plea agreement with the defendant, that I have fully explained his [her] rights to him [her], and that I have assisted him [her] in completing this written agreement. I believe that he [she] is knowingly and voluntarily

entering the plea with full knowledge of his [her] legal rights and that there is a factual basis for the plea.

DATED this 11th day of August 2025.

_____
Ivy Telles
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 11th day of August 2025.

FELICE JOHN VITI
Acting United States Attorney

_____
Pete Reichman
Special Assistant United States Attorney